```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Hermon Shelton,                    :

        Plaintiff,         :   Case No. 2:06-cv-0878

   v.                              :   JUDGE SARGUS

Ohio State University Medical      :
Center, et al.,
                                          :

        Defendants.

## ORDER AND REPORT AND RECOMMENDATION

     Plaintiff, Hermon T. Shelton, a prisoner who is currently incarcerated in Missouri, filed this action against the Ohio State University Medical Center and one or more surgeons who performed surgery upon Mr. Shelton at the Medical Center in 1998. The complaint appears to set forth a claim for medical malpractice based upon the surgeons' having left a foreign object in Mr. Shelton's body after he underwent an appendectomy. Under 28 U.S.C. §1915A, the Court is required to conduct an initial screening of every case initiated by a prisoner if the case involves a claim for "redress from a governmental entity or officer or employee of a governmental entity." After conducting that review, the Court is required to dismiss the complaint or any portion of it if it fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. For the reasons that follow, it will be recommended that Mr. Shelton's claim against the Medical Center be dismissed. He will be given additional time to name the other defendants.

     The Court begins with Mr. Shelton's claim against the Ohio State University Medical Center. The Ohio State University Medical Center is an arm of the State of Ohio and therefore

cannot be sued in a federal court because the Eleventh Amendment to the Constitution prohibits such a suit.  The Eleventh Amendment prohibits suits in a federal court by citizens of a state against either that state or a different state.  For purposes of the Eleventh Amendment, a state includes "instrumentalities" which are created by the state and supported by state funding.  This Court has previously held that the Ohio State University Medical Center is an instrumentality of the State of Ohio.  <u>Matteson v. Ohio State University</u>, 2000 WL 1456988, *3 (S.D. Ohio September 27, 2000) ("it is undisputed that the Medical Center and the hospitals are in fact part of the university [and] it is well settled that Ohio State University is an instrumentality of the State of Ohio").  Thus, the complaint fails to state a claim against the Ohio State University Medical Center because that defendant is immune from suit in a federal court.

No other defendants are named in the complaint, although the complaint identifies "unknown surgeon(s)" as additional defendants.  Mr. Shelton indicates in his complaint that he was unable to learn the names of the surgeons who operated on him in 1998 but proposes to do so through discovery.

It is unclear whether the Court may screen that portion of the complaint that relates to these defendants.  Without knowing who the defendants are and what their relationship is to the Ohio State University, it cannot be determined whether they are officers or employees of a governmental entity, in which case the Court is required to screen the complaint under §1915A, or whether they are simply private citizens.  If they are employees or agents of the Ohio State University Medical Center, the complaint would not state a claim against them because they would be immune from suit on a state law medical malpractice claim unless the Ohio Court of Claims were to determine that they acted

manifestly outside the scope of their employment.  See O.R.C. §2743.02(F).  Only the Ohio Court of Claims has the jurisdiction to make that determination.  O.R.C. §9.86.  On the other hand, if the surgeons turn out to have been physicians who also maintained a private practice, and if they provided treatment to Mr. Shelton in their private capacity, they would be subject to suit without the need for the Ohio Court of Claims to make any determination about whether they acted within the scope of their employment. See Wayman v. University of Cincinnati Medical Center, 2000 WL 798797 (Franklin County App. June 22, 2000); see also Metz v. Ohio State University, 2004 WL 1380111 (Ohio Ct. Cl. June 16, 2004).  Obviously, however, until the surgeons are identified, and until they are served with process, these questions cannot be answered.

Federal Rule of Civil Procedure 4(m) provides a 120-day period for making service of the complaint on a defendant after a case is filed.  No service can occur until after the defendants are named.  The Court will grant Mr. Shelton an additional 120-days within which to name the defendants by way of an amended pleading.  The Court expresses no opinion as to whether, if they are identified and named, that would satisfy the applicable statue of limitations for medical malpractice claims.  There is case authority suggesting that by identifying defendants by use of a "John Doe" designation but not naming them until after the statue of limitations has run, the statue of limitations may not be circumvented.  See Cox v. Treadway, 75 F.3d 230 (6th Cir. 1996).

Based upon the foregoing, it is recommended that the claims against the Ohio State University Medical Center be dismissed on Eleventh Amendment immunity grounds.  Further, Mr. Shelton is granted 120 days within which to file an amended pleading naming any additional individual defendants.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge