IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Hermon Shelton,  :

    Plaintiff,  :  Case No. 2:06-cv-0878

v.  :  JUDGE SARGUS

Ohio State University Medical Center, et al.,  :

    Defendants.  :

## ORDER

    On March 8, 2007, the Magistrate Judge issued a Report and Recommendation which concluded that the plaintiff's claims against the Ohio State University Medical Center, an arm of the State of Ohio, should be dismissed on grounds of Eleventh Amendment immunity, and which granted the plaintiff 120 days to identify by name the John Doe defendants described in the complaint. Mr. Shelton, the plaintiff, has objected to that Report and Recommendation. For the following reasons, the objection will be overruled.

    In his objection, Mr. Shelton argues that the State of Ohio has waived its sovereign immunity for acts or omissions of state employees which would render those employees liable to the plaintiff but for the State's sovereign immunity. That assertion is correct. However, the waiver only applies in suits filed in the Ohio court of claims. See O.R.C. §2743.02(A)(1) ("the state hereby waives its immunity from liability ... and consents to be sued ... in the court of claims created in this chapter ...."); O.R.C. §2743.02(A)(2) (if a plaintiff proves that an individual state employee would otherwise be liable for his or her actions, "the state shall be liable in the court of claims..."). O.R.C. §2743.02(A)(3)(b) does not change this result, but rather provides that the state can be held liable - again, only in the court of claims - even when it performs or fails to perform a public duty, which is otherwise exempted from the waiver of sovereign immunity provided for in §2743.02, when it stands in a "special relationship" with the injured party. The Court of Appeals for the Sixth Circuit has held that the waiver of immunity set forth in §2743.02 applies only to the Ohio court of claims and does not waive the state's

Eleventh Amendment immunity from suit in federal court. <u>State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2</u>, 694 F.2d 449 (1982). Thus, there is no merit to this objection.

Mr. Shelton also appears to object to language in the Report and Recommendation suggesting that, should Mr. Shelton be able to identify and name any individual defendants who may have been employees of the State of Ohio, the Ohio court of claims would be the only court which could determine if those employees acted manifestly outside the scope of their employment and would therefore not be protected by sovereign immunity. Because Mr. Shelton has not yet named any such defendants, that argument is premature. The Court notes, however, that in <u>Haynes v. Marshall</u>, 887 F.2d 700 (6th Cir. 1989), the Court of Appeals did recognize that the Ohio court of claims has exclusive jurisdiction under O.R.C. §9.86 to make that determination. Mr. Shelton's citation to <u>Besser v. Dexter</u>, 68 Ohio App. 3d 510 (Hocking Co. 1990) is inapposite. That case held only that such a determination is not necessary where state officials are being sued in their individual capacities under 42 U.S.C. §1983 for constitutional deprivations. This case appears to involve only a claim of medical malpractice, which is a state law tort claim and not a constitutional claim. In any event, these issues are better left until Mr. Shelton names individual defendants and articulates in an amended complanit the basis of his claims against them.

For the foregoing reasons, the objections (#9) to the Magistrate Judge's Report and Recommendation are OVERRULED and that Report and Recommendation is ADOPTED. The claims against the Ohio State University Medical Center are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. The case remains pending as against the John Doe defendants.

Date: 3-29-2007

Edmund A. Sargus, Jr.
United States District Judge

2